UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGHAN GEORGE, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>SHAMROCK SALOON II, LLC dba CALICO JACK'S CANTINA; BLITZ MARKETING, LLC; JOHN L. SULLIVAN; and DOES 1 through 20, inclusive, and each of them,<br><br>   Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*;<br>(2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff MEGHAN GEORGE ("Plaintiff" or "George"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

  1.  Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendants SHAMROCK SALOON II, LLC dba CALICO JACK'S CANTINA ("Calico Jack's"), BLITZ MARKETING, LLC ("Blitz Marketing"), JOHN L. SULLIVAN ("Sullivan"), and DOES 1 through 20 (collectively referred to throughout this Complaint as "Defendants"), in negligently knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in

1

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a nationwide Class, which will result in at least one class member belonging to a different state than that of Defendants Calico Jack's and Blitz Marketing, both of which maintain their principal place of business in New York, New York. Plaintiff also seeks up to $1,500.00 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because defendants Calico Jack's and Blitz Marketing maintain their principal place of business in New York, New York.

4. Furthermore, venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

5. Plaintiff, MEGHAN GEORGE ("Plaintiff" or "George"), is a natural person residing in California.

6. Defendant SHAMROCK SALOON II, LLC dba CALICO JACK'S CANTINA ("Defendant" or "Calico Jack's") was and is a New York limited liability company with its principal place of business at 214 East 49th Street, 2nd Floor, New York, New York 10017.

7. Upon information and belief Shamrock Saloon II, LLC owns and operates Calico Jack's Cantina, a restaurant and bar located in New York, New York.

8. Defendant BLITZ MARKETING, LLC ("Blitz Marketing") is a New York limited liability company with its principal place of business at 214 East 49th Street, 2nd Floor,

2

New York, New York 10017.

9. Upon information and belief, Blitz Marketing conducts marketing activities, including selling event tickets and sending text messages, such as the messages sent to Plaintiff in violation of the TCPA, on behalf of Calico Jack's Cantina.

10. Defendant JOHN L. SULLIVAN ("Sullivan") is an adult individual believed to reside in New York County, New York. Upon information and belief Sullivan is an owner, officer, and/or managing agent for both Calico Jack's Cantina and Blitz Marketing.

11. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. Upon information and belief, at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants.

13. Upon information and belief, each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

14. At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

### TELEPHONE CONSUMER PROTECTION ACT

15. Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing

calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[1] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

16.  Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order.

17.  The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

18. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

19. Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id.*

20. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company's IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

21. Accordingly, the entity can be liable under the TCPA for a call made and/or message sent on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## GENERAL ALLEGATIONS

22. Beginning in or around December 2015, Defendants contacted Plaintiff on her cellular telephone at (617) 438-****, in an attempt to market special events and food and drink specials at Calico Jack's. The messages came from a five digit SMS short code number. Defendants are known to use the number 258-27.

23. Defendants' text messages included an instruction that Plaintiff could reply "x" to stop receiving messages. Despite Plaintiff's attempt(s) to opt out of these messages, Defendants proceeded to send dozens of similar messages to Plaintiff.

24. Defendants used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to send text messages to Plaintiff regarding food and drink specials and special events at defendant Calico Jack's Cantina.

25. Upon information and belief, the equipment used by Defendants to send the subject messages to Plaintiff has the capacity to: (1) store or produce numbers to be contacted using a random or sequential number generator; and (2) dial those numbers. Such capacity is evidenced by the fact that the subject messages appear scripted and generic.

26. Defendants' message(s) were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

27. Defendants' message(s) were sent to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming messages and/or data use pursuant to 47 U.S.C. § 227(b)(1).

28. Defendants never received Plaintiff's "prior express consent" to receive marketing messages using an automated dialing system on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

29. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within the United States who received any text messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system when such person had not previously provided express consent to receiving such messages within the four years prior to the filing of this Complaint

30. Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any telephone call from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

31. Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

32. This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

33. **Numerosity**: The proposed Class is so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

34. Plaintiff and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Defendant(s) illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their " prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class

members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

35. **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof. Common questions of fact and law include, but are not limited to, the following:

   (a) Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   (b) Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

   (c) Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

36. **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members. The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

37. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

38. **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little

interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

39. Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

40. Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION

(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

47 U.S.C. *ET SEQ.*)

41. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

42. The foregoing acts and omission of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

43. As a result of Defendants violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### (KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

45. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

46. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

47. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

a. An order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class;

b. For the first cause of action:
- Plaintiff and Class members are entitled to and request $500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

c.  For the second cause of action:

- Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation , pursuant to 47 U.S.C. § 227, *et seq.*;
- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

The exact nature and extent of Plaintiff's damages have not yet been calculated, and Plaintiff will seek leave of Court to amend this complaint to conform to proof at the time of trial.

Dated:  August 30, 2017

By _____
Scott D. Kagan, Esq. (SK 0999)
Terrence E. McCartney, Esq. (TM 9831)
**REINER SLAUGHTER MCCARTNEY
& FRANKEL LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (914) 925-3424
Fax: (914) 925-3434
Email: skagan@reinerslaughter.com
           tmccartney@reinerslaughter.com

David L. Weisberg (*Pro Hac Vice* pending)
California Bar No.: 211675
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
Email: david@kristensenlaw.com

**Attorneys for Plaintiff Meghan George**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all such triable issues and causes of action.

Dated: August 30, 2017

By _____
Scott D. Kagan, Esq. (SK 0999)
Terrence E. McCartney, Esq. (TM 9831)
**REINER SLAUGHTER MCCARTNEY FRANKEL**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (914) 925-3424
Fax: (914) 925-3434
Email: tmccartney@reinerslaughter.com
skagan@reinerslaughter.com

David L. Weisberg (*Pro Hac Vice* pending)
California Bar No.: 211675
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
Email: david@kristensenlaw.com

**Attorneys for Plaintiff Meghan George**

13