UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGHAN GEORGE, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHAMROCK SALOON II, LLC dba CALICO JACK'S CANTINA; BLITZ MARKETING, LLC; JOHN L. SULLIVAN; and DOES 1 through 20, inclusive, and each of them,<br><br>    Defendants. | Case No.: 1:17-cv-06663-RA<br><br>**<u>CLASS ACTION</u>** |

**<u>FINAL APPROVAL ORDER AND JUDGMENT</u>**

Plaintiff Meghan George ("Plaintiff") and Defendants Shamrock Saloon, LLC dba Calico Jack's Cantina, Blitz Marketing, LLC, and John L. Sullivan (collectively, "Defendants") entered into a Class Action Settlement, which is subject to review under Fed. R. Civ. P. 23.

On January 13, 2020, the Court adopted the Report and Recommendation to certify this matter as a class action and named Plaintiff as the Class Representative and appointed John P. Kristensen as Class Counsel [Dkt. 94].

The Court ordered the matter to mediation. A mediation session was held on June 18, 2020 with Charles Newman, Esq., which was adjourned to allow Defendants to procure financial statements to aid in the settlement process. Through Mr. Newman's help and tireless efforts, documents were exchanged for settlement purposes only that helped the parties reach a settlement, and notified the Court of the settlement on October 13, 2020. Dkt. 114.

On January 22, 2021, Plaintiff filed the Class Action Settlement Agreement [Dkt. 128-3] along with her Motion for Preliminary Approval of Class Action Settlement [Dkt. 128]. The fully-executed Settlement Agreement and Release was filed on July 23, 2021 [Dkt. 131).

1

On July 28, 2021, the Court entered an Order of Granting Preliminary Approval of Class Action Settlement [Dkt. 132]. Pursuant to the Preliminary Approval Order, the Court, among other things: (i) preliminarily approved the proposed Settlement; (ii) appointed Postlethwaite & Netterville ("P&N") as the Claims Administrator; and (iii) set the date and time of the Fairness Hearing for November 16, 2021 at 10:00 a.m.

Written notice of the proposed Settlement was served pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

On October 12, 2021, the Court, per the Parties' request, continued the Fairness Hearing to December 21, 2021 at 11:00 a.m. [Dkt. 134].

On November 23, 2021, Plaintiff filed her Motion for Final Approval of Class Action Settlement [Dkt. 136] requesting final approval of the proposed Settlement. Per the Court's request, the Motion was re-filed on December 13, 2021 [Dkt. 138].

That same day, Plaintiff filed her Motion for Attorneys' Fees, Costs, and Incentive Award [Dkt. 137]. Per the Court's request, the Motion was re-filed on December 13, 2021 [Dkt. 142].

On December 21, 2021, a Fairness Hearing was held to determine whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class and should be approved by the Court.

Having considered all matters submitted to it at the hearing on the Motion for Final Approval [Dkt. 136 & 138] and Motion for Attorneys' Fees, Costs, and Incentive Award [Dkt. 137 & 142] and otherwise, including the complete record of this action, and good cause appearing therefor, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Agreement except as otherwise expressly provided.

2. The Court has jurisdiction over this Litigation, the claims raised in the Litigation, and the Parties.

3. The Parties complied in all material respects with the Notice plan set forth in the Agreement. The Court finds that the Notice plan, which was effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Class of the nature and pendency of the Litigation; the existence and terms of the Agreement; and the Settlement Class Members' rights to make claims, opt out, or object. Further, the Notice plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Notice of the Settlement was also provided to the appropriate state and federal government officials in compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

4. The Court has determined that full opportunity has been given to the Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and incentive award to Plaintiff, and otherwise participate in the hearing on Final Approval held on December 21, 2021.

5. The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Agreement was the product of informed, arm's-length negotiations between competent, able counsel; counsel for the Parties had an adequate opportunity to evaluate and consider the strengths and weaknesses of their clients' respective positions; the Litigation involved vigorously disputed claims, underscoring the uncertainty of the outcome in this matter and the risks of continued litigation; the Settlement provides meaningful relief and monetary benefits for the Settlement Class Members; and the Parties were represented by highly qualified counsel who vigorously and adequately represented their respective clients' interests.

6. The Settlement is in the best interests of the Class taking into account the extent of the relief obtained in relation to the risks faced by the Class Members in continuing to litigate their claims. The relief provided under the Agreement is appropriate as to the individual members of the Class and to the Class as a whole. All statutory and constitutional requirements

necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Agreement in accordance with its terms and provisions.

7. By operation of this Final Approval Order and Judgment, by Plaintiff and all Class Members (and their assignees who have not excluded themselves from the Class) of the Releasees of and from all Released Claims and shall include the agreement and commitment by Plaintiff and all Class Members to not now or hereafter initiate, maintain, or assert against the Releasees or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be, or could be alleged or asserted now or in the future by Named Plaintiff or any Class Member against the Releasees, or any of them, in the Lawsuit or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

8. The "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, that relate to or arise out of Releasees' alleged use of equipment or methods to contact or attempt to contact Settlement Class Members by text message to a cellular telephone and/or electronic mail during the Settlement Class Period, including but not limited to claims that relate to or arise out of Releasees' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the Telephone Consumer Protection Act.

4

9. "Releasees" shall mean means Calico Jack's, Defendants Blitz Media ("BM"), John Sullivan (collectively, "Defendants"), together with East Coast Saloon, LLC, East Coast Saloon I, LLC, Shamrock Saloon I, LLC, d/b/a McFadden's, Johnny Utah's 51, LLC d/b/a Johnny Utah's, North Shore Pub, LLC, 978 Second Ave., Inc. d/b/a Irish Exit, Turtle Bay Tavern, LLC, Park 33, LLC, and each and all of their respective past, present, and future, direct or indirect, parents, subsidiaries, affiliates, agents, successors, predecessors, or any financial institutions, corporations, trusts and their trustees, or other entities that may hold or have held any interest (including, without limitation, any security interest) in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in the operation or ownership of Defendants or any Releasee, and all of the aforementioned respective past, present, and future, officers, directors, members, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, vendors, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

10. Nothing herein shall bar any action or claim to enforce the terms of the Agreement.

11. The Parties understand and agree that neither this Agreement, nor Defendants' agreement to the terms thereof, shall constitute an admission by any of the Releasees as to any wrongdoing, including but not limited to any violation of the TCPA, any violation of any federal, state or local law, rule and/or regulation, and/or any contractual right or right afforded by common-law or any State or the U.S. Constitution. This Agreement shall not be introduced in any action, except to enforce the terms thereof.

12. Class Counsel's application for an award of attorneys' fees, costs, and expenses and an incentive award to Plaintiff is granted. In accordance with the terms of the Agreement, the following amounts shall be paid by Defendants from the Settlement Fund:

   a. Fees to Class Counsel: $248,385.36;

  b. Costs to Class Counsel: $35,789.64;

  c. Incentive Award to Plaintiff: $5,000.00.

13. Class Counsel's attorneys' fees, costs, and incentive award to Plaintiff shall be paid from the Settlement Fund no later than seven (7) business days from the Effective Date.

14. The Court authorizes payment to the Settlement Administrator of its fees and costs, in the amount of $40,825.00.

15. Except as provided in this Order, Plaintiff and the Class Members shall take nothing against Defendants by the Complaint, and Final Judgment shall be entered thereon, as set forth in this Order.

16. This Order is intended to be a final judgment disposing of the above-captioned action in its entirety.

17. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Agreement.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Agreement.

19. There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to close ECF Nos. 138 & 142.

**IT IS SO ORDERED.**

Dated: January 18, 2022

_____
SARAH L. CAVE
United States Magistrate Judge